UNITED STATES, Appellee
v.
FRED R. MENDIOLA, Prisoner, U. S. Army, Appellant

4 USCMA 403, 15 CMR 403

No. 3633

Decided June 11, 1954

Lt Col James C. Hamilton, U. S. Army, for Appellant.

Lt Col William R. Ward, U. S. Army, Maj Irvin M. Kent, U. S. Army, 1st Lt Benjamin C. Flannagan, U. S. Army, 1st Lt Martin Blackman, U. S. Army, for Appellee.

## Opinion of the Court

George W. Latimer, Judge:

This accused, although filing a separate petition for review, was tried jointly with the petitioners in United States v. Duggan, 4 USCMA 396, 15 CMR 396, decided this day. The charge upon which he was tried was mutiny, in violation of Article 94, Uniform Code of Military Justice, 50 USC § 688. He pleaded not guilty, but was found guilty as charged and sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for twenty-five years. The convening authority approved only so much of the sentence as provided for confinement for twenty-five years, and the board of review reduced that period to five years, but otherwise approved the findings and sentence.

The charges upon which this conviction rests and the facts which support the finding of guilty are the same as in the Duggan case and they are set out in that opinion. The same record of trial is the basis for both appeals. However, it should be noted that while the identity of the several accused came from sources which were not identical, several witnesses testified this accused participated in the disturbance.

We granted accused's petition for review on the issue of whether the law officer erred in failing to instruct that riot was a lesser included offense of mutiny. Our opinion in the Duggan case is controlling on that issue. There we held that a mutiny committed by violence, where alleged as a joint offense by several participants, would include riot as a lesser offense if the facts in the record raised it reasonably as an issue. We further held that the undisputed facts in this record did not require the law officer to submit that included offense to the court-martial members for consideration.

Other than a finding on the elements of the principal offense, the only matter upon which the court-martial members were required to deliberate was the defense of alibi which was placed in issue by the accused's evidence. This defense was fully instructed upon by the law officer.

Accordingly, we dispose of the contentions in this appeal in the same manner we did in the companion case. The decision of the board of review is affirmed.

Chief Judge Quinn and Judge Brosman concur.